**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

```
                                :
FAHS ROLSTON PAVING CORP.,      :
                                :    CIVIL ACTION NO. 03-4593 (MLC)
      Plaintiff,                :
                                :    MEMORANDUM OPINION
      v.                        :
                                :
PENNINGTON PROPERTIES           :
DEVELOPMENT CORP., INC.,        :
et al.,                         :
                                :
      Defendants.               :
                                :
```

**COOPER, District Judge**

The third-party defendant, Maynard Fahs ("Fahs"), moves to dismiss the third-party complaint filed by the defendants/third-party plaintiffs, Pennington Properties Development Corp., Inc. ("PPDC"), Westrum Pennington, L.P. ("Westrum"), Peter Blicher, and Mark Ellenbogen (collectively, the "third-party plaintiffs"), for failing to state a claim upon which relief may be granted, pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). The Court, for the reasons stated herein, will deny the motion.

## BACKGROUND

The plaintiff, Fahs Rolston Paving Corp. ("Fahs Rolston Paving") entered into an agreement with PPDC and Westrum on June 23, 1999 (the "June 1999 Agreement") to develop a piece of property in Lawrence Township, New Jersey (the "Evans Tract"). (Dkt. entry no. 45, 3d Party Ps. Ans., Counterclaim, and 3d Party Compl., at 21, ¶ 1.)  Fahs, as a director, shareholder, and

principal officer of Fahs Rolston Paving, "negotiated the
purchase of a component of the Evans Tract to develop an Assisted
Living Residence Facility Lot." (Id. at ¶ 2.)  "On behalf of
[Fahs Rolston Paving], . . . Fahs agreed to purchase, develop,
manage and operate the Assisted Living Residence Facility Lot."
(Id.)

In this regard, "Fahs represented that he and [Fahs Rolston
Paving] had the experience, skill and financial ability to
purchase and develop the Assisted Living Residence Facility Lot."
(Id. at ¶ 3.)  However, Fahs, in or around September 2000,
informed the third-party plaintiffs — contrary to what he
represented in the summer of 2000 — that Fahs Rolston Paving
"could not obtain financing to fulfill its obligations under the
Agreement because the assisted care living industry was in
disarray."  (Id. at ¶ 4.)  Because Fahs could not obtain
financing, PPDC and Westrum had to find a new purchaser for the
Evans Tract.  (Id. at ¶ 10.)

Fahs Rolston Paving brought an action for breach of contract
against the third-party plaintiffs on September 26, 2003.  (Dkt.
entry no. 1.)  The third-party plaintiffs filed an answer,
counterclaim, and third-party complaint on November 1, 2005.
(Dkt. entry no. 45.)  The third-party complaint asserts a claim
of breach of contract against Fahs.  Fahs moved to dismiss the
third-party complaint on February 8, 2006.  (Dkt. entry no. 47.)

**DISCUSSION**

I.   **Standard of Review for 12(b)(6) Motion**

A complaint may be dismissed for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). On a motion to dismiss, the Court must accept as true all of the factual allegations in the complaint, and draw all reasonable inferences in favor of the plaintiff. Doe v. Delie, 257 F.3d 309, 313 (3d Cir. 2001). "Dismissal of claims under Rule 12(b)(6) is appropriate only if it appears beyond doubt that the plaintiff can prove no set of facts in support of [the] claim upon which relief may be granted." Jakomas v. McFalls, 229 F.Supp.2d 412, 419 (W.D. Pa. 2002).

The Court, when considering a motion to dismiss, may generally not "consider matters extraneous to the pleadings." In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997). However, if the Court exercises discretion and permits a party to present matters outside the pleadings, the Court must (1) convert the motion to dismiss into one for summary judgment, and (2) allow the parties a reasonable opportunity to present all material pertinent to such a motion under Rule 56. Fed.R.Civ.P. 12(b). An exception to this general rule is that the Court may consider (1) exhibits attached to the complaint, (2) matters of public record, and (3) all documents that are integral to or explicitly relied upon in the complaint without

3

converting the motion to dismiss into one for summary judgment.
Angstadt v. Midd-West Sch. Dist., 377 F.3d 338, 342 (3d Cir.
2004) (citation omitted).[1]

Fahs, in moving to dismiss under Rule 12(b)(6), relies on
materials beyond the allegations of the third-party complaint,
including his signed affidavit, and his testimony in an
arbitration hearing as part of an action in the New Jersey
Superior Court.  (See Fahs Br.; Fahs Aff., at ¶ 15.)  The Court
will not consider any of these additional documents submitted by
Fahs because they are neither relied upon by the third-party
plaintiffs, nor integral to the third-party complaint.  Fahs's
testimony at any arbitration hearing constitutes evidence outside
the third-party complaint, and the Court will not consider such
documentation on a motion to dismiss.[2]

---

[1] "The rationale underlying this exception is that the
primary problem raised by considering documents outside the
complaint — lack of notice to the plaintiff — is dissipated where
the plaintiff has actual notice and has relied upon the documents
in framing the complaint."  Jones v. Intelli-Check, Inc., 274
F.Supp.2d 615, 625-26 (D.N.J. 2003) (citations omitted).

[2] The Court notes that the third-party plaintiffs have
included a certification from Anne P. McHugh with their
opposition brief.  (3d Party Pls. Br., at 1-2; 2-7-06 Cert. of
Anne P. McHugh ("McHugh Cert.").)  Attached to the McHugh Cert.,
inter alia, are various pieces of correspondence relating to the
purchase of the Evans Tract, and a copy of the June 1999
Agreement.  The Court, for the reasons discussed infra, will not
consider this affidavit or any of the attached correspondence in
resolving the motion.  However, the Court will consider the June
1999 Agreement as it is integral to and explicitly relied upon in
the third-party complaint.

## II.  **The Motion to Dismiss**

Fahs has moved to dismiss the third-party complaint because he argues that the third-party plaintiffs' claims that Fahs made representations in the summer of 2000 are "directly contradicted by the record." (Fahs's Br., at 7.)  Specifically, Fahs explains that he "has already testified under oath that he did not have <u>any</u> discussions with [the third-party plaintiffs] until September 2000." (<u>Id.</u> (emphasis in original)).  The third-party plaintiffs oppose the motion solely on the basis that the Court should deny the motion to permit them to conduct Fahs' deposition and other discovery. (3d Party Pls. Br., at 4.)

The third-party plaintiffs allege in the third-party complaint that Fahs made misrepresentations to them about Fahs Rolston Paving's ability to complete financing for the purchase of the Evans Tract.  Also, they appear to allege that Fahs breached the June 1999 Agreement, even though Fahs is neither a signatory nor a party to the agreement. (3d Party Compl., at ¶ 11; McHugh Cert., at Ex. B.)  As such, the third-party plaintiffs appear to assert a fraud or fraudulent inducement claim, but only particularly indicate a breach of contract claim.

Despite the inconsistent and possibly inadequate allegations in the third-party complaint, Fahs's argument in support of his motion attacks only the factual accuracy of the allegations in the third-party complaint.  This is an improper argument to

support a motion to dismiss under Rule 12(b)(6).  Fahs cannot contest the factual accuracy of the third-party plaintiffs' allegations because, for the purposes of this motion, the Court must accept as true all of their factual allegations.  <u>Doe</u>, 257 F.3d at 313.  Thus, the Court must accept as true the allegations regarding possibly conflicting statements made by Fahs regarding the June 1999 Agreement.  The conflicting statements may possibly support a claim of fraud or fraudulent inducement.  Accordingly, the Court will deny the motion to dismiss.

<u>**CONCLUSION**</u>

The Court, for the reasons discussed herein, will deny the motion to dismiss for failure to state a claim upon which relief may be granted.  However, because the allegations in the third-party complaint fail to sufficiently describe the cause of action against Fahs, the Court will deny the motion without prejudice and with leave for Fahs to contest the legal sufficiency of the breach of contract claim or to require that the fraud claim be pleaded with particularity as required by Rule 9(b).  The Court will issue an appropriate order.

     s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge

6