## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **FAHS ROLSTON PAVING CORP.,** | : | **Civil Action No: 03-4593 (MLC)** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **OPINION** |
| | : | |
| | : | |
| **PENNINGTON PROPERTIES** | : | |
| **DEVELOPMENT CORP., INC., et al.,** | : | |
| | : | |
| **Defendants.** | : | |
| | : | |
| _____ | : | |

**BONGIOVANNI, Magistrate Judge**

Presently before the Court is a Motion by Plaintiff, Fahs Rolston Paving Corporation ("Fahs Rolston"), requesting leave to file an Amended Complaint, and a Cross Motion by Defendants Stark & Stark and Daniel Haggerty, Esq. (hereinafter collectively "Stark") to file a Third Party Complaint. No oral argument has been held pursuant to FED. R. CIV. P. 78. The Court has reviewed the submissions of the parties and for the foregoing reasons Fahs Rolston's Motion to Amend is **GRANTED** in-part and **DENIED** in-part, and Stark's Cross-Motion for leave to file a Third-Party Complaint is **DENIED**.

## I. Background

The parties are familiar with the background and lengthy history of this matter and therefore it shall not be repeated here at length. The Court refers the parties to Its December 27, 2006 Opinion and Order. [Docket Entry No. 81]. On January 9, 2007, Fahs Rolston filed a Motion requesting leave to file an Amended Complaint. Fahs Rolston Moving Brief of January 9, 2007 ("Moving Brief")

[Docket Entry No. 87]. Fahs Rolston seeks to identify Hearth Management, LLC, Maynard Fahs, Mark Burritt, Daniel Suits and Carl Guy (collectively, "Proposed Plaintiffs") as proper additional Plaintiffs in this action, add factual information demonstrating that Westrum Pennington, L.P. ("WP") is a successor to Pennington Properties Development Corp., Inc. ("Pennington Properties"), add existing Defendant, WP, to its claims asserted in Count I and Count V of the Complaint, and lastly, add factual information relating to unilateral discussions that Stark and Pennington had with Menlo Engineering and the Lawrence Township Planning Board in the Fall of 2000. Moving Brief at 1.

On January 22, 2007, Stark opposed and filed a cross motion (hereinafter "Stark Opposition Brief") [Docket Entry No. 93]. In opposition to Fahs Rolston's Motion, Stark claims undue delay and dilatory motives. Stark Opposition Brief at 5. In its cross motion, Stark asks for leave to file a Third-Party Complaint against Plaintiff's counsel, Marc Citron ("Citron") and Saul Ewing ("Saul Ewing"). Id. at 11. Stark's basis for this Third-Party Complaint lies in alleged misrepresentations by Citron that induced Pennington Properties to enter default against Fahs Rolston. Id.

On January 29, 2007, Pennington Properties, WP, Ellenbogen and Blicher (hereinafter collectively "Pennington") filed an opposition brief to Plaintiff's Motion and in support of Stark's cross-motion (hereinafter "Pennington Opposition Brief") [Docket Entry No. 97]. In its opposition, Pennington claims the proposed amendments are futile. Pennington Opposition Brief at 20. In support of the cross-motion, Pennington re-iterates Stark's assertions that but-for the alleged misrepresentations of Citron, Pennington would not have entered default against Fahs Rolston. Id. at 26.

Fahs Rolston submitted a reply brief on February 5, 2007, (hereinafter "Reply Brief"), claiming that the proposed amendments are not futile, and will not cause undue delay or prejudice to

Defendants. [Docket Entry No. 98].  Furthermore, Fahs Rolston argues that the Stark's cross-motion is futile, was made in bad faith, and will cause undue delay and prejudice to Fahs Rolston.  <u>See</u> Reply Brief at 32-40.  Pursuant to a request of the parties these Motions were stayed until June 2007. [Docket Entry No. 102].

On July 11, 2007, Defendant Stark submitted a letter brief in lieu of a more formal reply in further support of their Cross-Motion. [Docket Entry 103].  The Court notes that this informal letter brief was improperly submitted, and therefore has not been considered.

**II. Analysis**

**A.  Motion to Amend Standard**

Leave to amend pleadings "shall be freely given when justice so requires."  FED. R. CIV. P. 15(a).  Despite this liberal standard, courts will deny a motion to amend on grounds of dilatoriness or undue delay, prejudice, bad faith, or futility.  <u>See</u> <u>Alvin v. Suzuki</u>, 227 F.3d 107, 121 (3d Cir. 2000); <u>Hill v. City of Scranton</u>, 411 F.3d 118, 134 (3d Cir. 2005).  The Supreme Court has held that leave should be granted "in absence of . . . undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment."  <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962).

**B. Fahs Rolston's Motion to Amend**

Fahs Rolston seeks to add new Plaintiffs to this action, factual information demonstrating that WP is a successor to Pennington Properties, existing Defendant, WP, to its claims asserted in Count I and Count V of the Complaint, and lastly, add factual information relating to unilateral discussions that Stark and Pennington had with Menlo Engineering and the Lawrence Township Planning Board

3

in the Fall of 2000. Moving Brief at 1.

**1. Addition of Plaintiffs**

Fahs Rolston claims that if Stark and Pennington had not improperly concluded they were in default and thereafter sold the Property to a third party, Fahs Rolston would have constructed an assisted living facility from which Proposed Plaintiffs would have profited. Moving Brief at 4. More specifically, Hearth Management, LLC, would have operated and managed said facility, earning a management fee. Furthermore, Messrs. Fahs, Burritt, Suits, and Guy would have formed and served as principals in a limited liability company responsible for developing said facility, and therefore, would have earned a development fee and would have been entitled to all profits arising therefrom. Id.

Stark argues that the addition of new parties constitutes a litigation tactic with dilatory motives that would result in substantial delays and "undue and unfair prejudice." Stark Opposition Brief at 5, 10. They contend that Proposed Plaintiffs were known to Fahs Rolston at the time the action was commenced, as Fahs, Burrit, Suits, and Guy all were, and still are, employees of Fahs Rolston. Id. at 5. Furthermore, they assert that Hearth Management, LLC, is a company known to be owned and controlled by Fahs Rolston, a fact known to Fahs Rolston and its counsel since the beginning of this lawsuit. Id. at 9. Stark also asserts that "the allegations [of these parties] are highly speculative in that they pile contingency upon contingency to establish a claim for damages." Id.

Pennington joins in Stark's Opposition, and further argues that the amendments must be denied as to Proposed Plaintiffs. Pennington argues that Hearth Management, LLC, cannot be a party to this suit because it is not qualified to do business in New Jersey, and that all Proposed Plaintiffs fail to state a cause of action and therefore the amendments are futile. Pennington Opposition Brief

4

at 19-20.

  *a. Undue Delay*

  The Third Circuit has held that a motion for leave to amend should be denied when the delay in amending the pleading is undue.  <u>Cureton v. Nat'l Collegiate Athletic Ass'n</u>, 252 F.3d 267, 273 (3d Cir. 2001).  "[T]he mere passage of time does not require that a motion to amend a complaint be denied on grounds of delay," however, "at some point, the delay will become 'undue,' placing an unwarranted burden on the court, or will become 'prejudicial,' placing an unfair burden on the opposing party." <u>Adams v. Gould Inc.</u>, 739 F.2d 858, 863 (3d Cir. 1984). Delay may become undue when there has been previous opportunity to amend the complaint.  <u>See</u> <u>Lorenz v. CSX Corp.</u>, 1 F.3d 1406, 1414 (3d Cir. 1993) (three year lapse between the filing of the complaint and the proposed amendment was "unreasonable" delay when plaintiff had previous opportunities to amend).  Thus, when determining whether the delay was undue, the Court must focus on the moving party's reasons for not amending the pleading sooner.  <u>USX Corp. v. Barnhart</u>, 395 F.3d 161, 168 (3d Cir. 2004).

  In the instant case, Fahs Rolston offers no explanations as to why it delayed moving to amend its Complaint to include Proposed Plaintiffs, and the Court has not been presented with any reasonable explanation for why that delay should be permitted.  In fact, Fahs Rolston's extensive delay in filing a motion to amend to add new Plaintiffs who were known at the start of the litigation is a quintessential example of *undue* delay.  Specifically, the motion to amend was filed four years after the Complaint was filed, and the factual basis for adding the Proposed Plaintiffs has been known to Fahs Rolston since before the inception of this lawsuit.  Moreover, the Proposed Plaintiffs have been and continue to be employees of Fahs Rolston and Fahs Rolston should have thought to add these claims earlier.  Thus, the Court finds that the delay in moving to amend the Complaint to

include Proposed Plaintiffs is undue, and Fahs Rolston's Motion to Amend to add the Proposed Plaintiffs must be DENIED.

    *b. Futility*

While the Court concludes that Fahs Rolston's delay in filing a motion to amend to add Proposed Plaintiffs is undue, It will still examine whether their proposed amendments are futile under the motion to amend standard.

As articulated above, leave to amend may be denied if the amendment would be futile. Alvin v. Suzuki, 227 F.3d at 121. To establish futility, the non-moving party must prove that the complaint, as amended would not survive a motion to dismiss for failure to state a claim upon with relief can be granted. Id. Therefore, to determine whether the Court may deny leave to amend, It must determine whether the claims would survive a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6).

A motion to dismiss should be granted where "the plaintiffs could prove no set of facts that would entitle them to relief." Nami v. Fauver, 82 F.3d 63, 65 (3d Cir. 1996). Accordingly, the "complaint must set forth sufficient information to suggest that there is some recognized legal theory upon which relief may be granted." Eli Lilly v. Roussel Corp., 23 F. Supp. 2d 460, 475 (D.N.J. 1998) (internal citation omitted). In making a determination on whether the moving party has stated a claim upon which relief can be granted, the court must view all allegations in the pleading and all reasonable inferences that can be drawn therefrom in the light most favorable to that party. Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384-85 (3d Cir. 1994). If it appears that relief can be granted under any set of facts that could be proved consistent with the plaintiff's allegations, a case should not be dismissed for failure to state a claim. Hishon v. King & Spaulding, 467 U.S. 69,

73 (1984).  The court may dismiss a case for failure to state a claim only where there is no relief that

can be granted under the facts as alleged by the complainant.  Id.

Pennington argues that Hearth Management, LLC, cannot bring this suit because it is not

licensed to do business in New Jersey.  Pennington Opposition Brief at 19.  Pennington cites to

N.J.S.A. § 14A:13-11, which states that "no foreign corporation transacting business in this State

without a certificate of authority shall maintain any action or proceeding in any court of this State,

until such corporation shall have obtained a certificate of authority."  The law for limited liability

companies is the same.  See N.J.S.A. § 42:2B-57.  Pennington further argues that since the proposed

plaintiff is transacting business in New Jersey and is an unqualified foreign limited liability company,

its suit would be barred.

In First Family Mortgage Corp. v. Durham, 108 N.J. 277, the New Jersey Supreme Court held

that "to preserve the constitutionality of N.J.S.A. § 14A:13-20b, the statute [should] be interpreted

to mean that a foreign corporation can pursue a cause of action in this state after filing an Activities

Report and meeting the conditions of N.J.S.A. § 14A: 13-20c(2), regardless of whether the Report

was filed in the same accounting period in which the cause of action arose." Furthermore, plaintiffs

should still be permitted to comply with those statutory provisions throughout the course of litigation

to avoid dismissal.  See Grow Farms Corp. v. National State Bank, Elizabeth, 167 N.J. Super. 102,

114 (Law. Div. 1979) ("Even if plaintiff is later found to have sufficient contacts to require

authorization . . . it would still be permitted to comply with those statutory provisions during the trial

of the matter to avoid a dismissal").  Therefore, the Court finds that even if Hearth Management LLC

were required to register with the State under the conditions specified in N.J.S.A §14A:13-11 and

N.J.S.A. § 42B-57  in order to assert claims in this action, it should still be permitted to comply with

those statutory provisions at this stage in the proceedings.   Therefore, the addition of Hearth Management, LLC, is not clearly futile based on their failure to register to do business in New Jersey.

Pennington further argues that Proposed Plaintiffs lack standing to bring a claim because they are not parties to the contract or third party beneficiaries.  Pennington Opposition Brief at 23.  It is clear that no party may sue unless it has standing. See FED. R. CIV. P. 17(a) ("Every action shall be prosecuted in the name of the real party in interest").  Here, Proposed Plaintiffs are not parties to the contract, therefore the Court must determine whether they have standing to bring their claims as third-party beneficiaries.

N.J.S.A. § 2A:15-2 provides that a person for whose benefit a contract is made may sue on the contract in court.  "This statute merely restates established New Jersey law that third-party beneficiaries may sue upon a contract made for their benefit without privity of contract."  Rieder Communities, Inc. v. Township of North Brunswick, 227 N.J. Super. 214, 221-22 (App. Div. 1988), cert. denied, 113 N.J. 638 (1988).   To determine whether someone qualifies as a third-party beneficiary, the Court must determine "whether the contracting parties intended that a third party should receive a benefit which might be enforced in the courts . . ." Id. at 222 (quoting Brooklawn v. Brooklawn Housing Corp., 11 A.2d 83, 85 (N.J. 1940).  Therefore, "unless such a conclusion can be derived, a third party has no cause of action despite the fact that it may derive an incidental benefit from the contract's performance." Id.

The contract at issue concerns the purchase of real property by Fahs Rolston from Pennington.  Although there is evidence that both parties had intended the property be used to build an assisted living facility by Fahs Rolston, there is no evidence that either party intended that *Proposed Plaintiffs* be entitled to any rights or obligations flowing from the contract.   The Proposed Plaintiffs were

8

neither mentioned in the original contract or disclosed to Pennington.  Pennington Opposition Brief at 24.  The lack of clear intent with regard to Proposed Plaintiffs in the formation of the contract demonstrates that any benefits received by such individuals would be merely incidental and would not sustain their rights as third-party beneficiaries.

Lastly, Defendants Pennington argue that the claims of the Proposed Plaintiffs are barred by New Jersey's six year statute of limitations for contract actions.  Pennington Opposition Brief at 26.  The Court will not address the issue of whether Proposed Plaintiff's claims are barred by the statute of limitations, as It has found that they lack standing to assert those claims.

In light of the foregoing, the Court finds that Fahs Rolston's proposed amendment to add Proposed Plaintiffs is both undue and futile.  Therefore their Motion to Amend with respect to this proposed amendment is DENIED.

### 2. Westrum Pennington

Fahs Rolston asserts that WP is a successor to Pennington Properties, and therefore, seeks to add them under the theory of successor liability to Counts I and Count V of the Complaint.  Moving Brief at 5.  Fahs Rolston asserts the following facts, which they argue demonstrates that WP is a successor to Pennington Properties;  On June 4, 1999, Blicher, Ellenbogen and Pennington Properties joined Westrum Development Company and Westrum Development Co., Limited Partnership to form WP; At that time assets of Pennington Properties were transferred to WP, all employees of Pennington Properties became employees of WP, and  Pennington Properties conducted its business activities though WP:  WP was a Seller on the Agreement of Sale to Fahs Rolston, it participated in the Notice of Default, and it was a plaintiff in the Superior Court lawsuit filed in Spring of 2001

against Fahs Rolston.  Id.

Pennington argues that the proposed amendment is futile because Fahs Rolston fails to plead facts sufficient to support its legal conclusion that WP is a successor to Pennington Properties. Pennington Opposition Brief at 20.  More specifically they assert that Fahs Rolston "is wrong about most of [the above] allegations as can be seen by the Certification of Marc Ellenbogen." Id. at 21.

To show futility, the non-moving party must establish that the complaint, as amended, would not survive a motion to dismiss for failure to state a claim.  Alvin v. Suzuki, 227 F.3d at 121. Pennington attempts to argue the merits of Fahs Rolston's allegations concerning successor liability in an effort to prove futility.  However, this attempt is misguided, because the allegations set forth in the Amended Complaint must be viewed at true.  Oshiver, 38 F.3d at 1384-85. Therefore, in "construing the pleadings in favor of the plaintiffs [], we must 'determine whether, under any reasonable reading of the pleadings, the plaintiff may be entitled to relief'" D.R. v. Middle Bucks Area Vocational Technical School, 972 F.2d 1364, 1367 (quoting Colburn v. Upper Darby Township, 838 F.2d 663, 665-66 (3d Cir. 1998), cert. denied, 489 U.S. 1065 (1989).

Under New Jersey law when a company sells its assets, the purchasing company is not liable for the seller's debts and/or liabilities.  Luxliner PL Export Co. v. RDI/Luxliner, Inc., 13 F.3d 69, 73 (3d Cir. 1993) (citing McKee v. Harris-Seybold Co., 109 N.J. Super. 555, 561 (Law Div. 1970)). There are limited exceptions to this general rule, which include (1) the purchaser expressly or implied agrees to assume such debts, (2) the transaction amounts to a consolidation or merger of the seller and purchaser, (3) the purchasing corporation is merely a continuation of the selling corporation, or (4) the transaction is entered into fraudulently in order to escape liability for such debts. McKee, 109 N.J.

10

Super. at 561.

In the instant case Fahs Rolston is asserting that the transaction between WP and Pennington Properties was a consolidation or merger and that WP is a continuation of the selling corporation. In <u>Applestein v. United Board & Carton Corp.</u>, 60 N.J. Super. 333 (Ch. Div. 1960), <u>aff'd</u>, 33 N.J. 72 (1960), the court stated, "a merger of corporations is the absorption by one corporation of one or more usually smaller corporations, which lose their identity by becoming part of the large enterprise," while in a consolidation, "the two corporations unite and both go out of existence, and a new amalgamated corporate enterprise takes the place of the former corporations."

The Court finds that Fahs Rolston has adequately pled a series of facts that could prove a consolidation or merger involving Pennington which resulted in WP. If these facts are established a finder of fact could reasonably conclude that WP is a successor to Pennington, and therefore the Court finds that Fahs Rolston's Motion is not clearly futile. Therefore, Fahs Rolston's Motion to Amend to include additional allegations against WP is GRANTED.

### 3. Communications with Menlo Engineering and Planning Board

Fahs Rolston further contends that it discovered additional information during the course of discovery that bears directly on the allegations set forth in its Complaint. Moving Brief at 4. Fahs Rolston claims that Stark and Pennington met with Menlo Engineering in early September 2000, for the purpose of eliminating Fahs Rolston's project from the Concept Plan. Reply Brief at 31-32. In addition to the communications with Menlo Engineering, Fahs Rolston alleges that Stark and Pennington also had discussions with the Lawrence Township Planning Board on and after October 3, 2000 for the same purpose of eliminating them from the plans. <u>Id.</u> Fahs Rolston asserts that these communications were made without their knowledge or consent and were only revealed during the

11

course of liability discovery. Id.

        The Court notes that neither Stark nor Pennington have stated any objection to the addition of this factual information in the Amended Complaint, and finds that in regard to this proposed amendment there are no grounds of dilatoriness or undue delay, prejudice, bad faith, or futility present.  Any delay in seeking the amendment of this factual information was due to the unearthing of new information during liability discovery, and will not cause undue prejudice to Stark and Pennington since they participated in these discussions, have been aware of them since the beginning of the lawsuit, and will not require further extensive discovery regarding these allegations.  The Court finds no instance of bad faith on the part of Fahs Rolston, as they were not aware of these discussions when the original complaint was filed, and have not demonstrated any dilatory motives for the amendment.  Furthermore, the Court finds that the addition of this factual information is not futile, as it bears directly on the allegations set forth in Fahs Rolston's Complaint.  More specifically, it supports Fahs Rolston's claims that Pennington breached the contract and had plans to remove Fahs Rolston from the project before the Notice of Default was entered.

        For the aforementioned reasons, Fahs Rolston's motion to amend with respect to the factual information regarding said communications is GRANTED.

**C.  Stark's Cross Motion to Amend**

        Stark and Pennington claim that Citron misrepresented the position of his client, Fahs Rolston, in his October 6, 2000 letter, which stated that "I would respectfully note the delay in securing the approvals made it impossible for the transaction to proceed."  Stark Opposition Brief at 11. Based upon this letter, Stark advised Pennington on mitigating its losses in response to Fahs Rolston's alleged breach of contract, prompting Pennington to place Fahs Rolston in default.  Id.  Stark and

12

Pennington assert that discovery has now revealed that "Citron did not have authority to write this letter, did not contact or consult his client regarding this letter, and finally that Plaintiff now contends vigorously that it was able to proceed with the transaction." Id.  Based upon this discovery, Stark and Pennington seek to file a Third Party Complaint against Citron and Saul Ewing.  They claim that "but for the representations of Mr. Citron, false though they be, Pennington Properties would not have modified the land use application process and there would be no breach of contract and/or fiduciary duty as [P]laintiff contends."  Pennington Opposition Brief at 26.

Fahs Rolston opposes Stark's cross-motion on the grounds of undue prejudice, futility, undue delay, bad faith and dilatory motives. See Reply Brief at 32-40.

### 1. Undue Prejudice

Fahs Rolston argues that Stark's cross motion is "a poorly disguised attempt to disqualify the [Saul Ewing] from representing [Fahs Rolston], and if granted, would unduly prejudice [Fahs Rolston's] and Saul Ewing's rights in this litigation." Reply Brief at 32.  They claim that as a consequence Fahs Rolston would be forced to hire new counsel who would be "unfamiliar with facts in this complex and protracted matter" and that "it would be highly unlikely, if not impossible, for new counsel to provide adequate representation to the Plaintiffs at this late state of the proceedings." Id. at 33.  Furthermore, Fahs Rolston argues that Ewing and Citron would also suffer undue prejudice if they were named as defendants at this stage in the litigation because they would not "have the opportunity to obtain discovery on the third-party claims and, as a result, will be effectively precluded from filing any dispositive motions and adequately defending themselves at trial." Id. at 34.

Stark does not address whether there is any resulting prejudice to Fahs Rolston if the Third-Party Complaint were allowed, while Pennington argues that the Third-Party Complaint will actually

benefit Fahs Rolston by yielding another potential avenue of recovery.  Pennington Opposition Brief at 26.

_____As articulated above, "prejudice to the non-moving party is the touchstone for the denial of the amendment." Bechtel v. Robinson, 889 F.2d at 652. To establish prejudice, the non-moving party must show that allowing the amended pleading would (1) require the non-moving party to expend significant additional resources to conduct discovery and prepare for trial, (2) significantly delay the resolution of the dispute, or (3) prevent a party from bringing a timely action in another jurisdiction. Long v. Wilson, 393 F.3d at 400.  However, the non-moving party cannot merely claim prejudice, "it must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the amendments been timely." Id.

The Court finds that Fahs Rolston would suffer prejudice if Stark's cross motion were granted. Granting the motion would effectively disqualify Citron and Ewing from acting as counsel to Fahs Rolston in this litigation.  The District Court has held that a party can suffer great harm by having his or her counsel disqualified.  Beilowitz v. General Motors Corp., 226 F.Supp. 2d 565, 573 (D.N.J. 2002). "Because disqualification of counsel during pending litigation is an extreme measure, courts must closely scrutinize the facts of each case to avoid injustice." In re Cendant Securities Litigation, 124 F. Supp. 2d 235, 249 (D.N.J. 2000).

At this juncture, four years after the inception of this case, it is difficult to fathom how requiring Fahs Rolston to attain new counsel would not result in any prejudice or injustice. Citron and Saul Ewing have represented Fahs Rolston from the beginning of this matter.  Fahs Rolston would be faced with finding an adequate replacement for Citron and Saul Ewing, which would require the expenditure of significant resources, time and effort.  Furthermore, disqualifying Fahs Rolston's

14

counsel would significantly delay the resolution of the dispute, as Fahs Rolston would need some time

to find new counsel, and that counsel would need to work though the file.  For the reasons set forth

above, the Court finds that Fahs Rolston would suffer undue prejudice if Stark's cross motion were

to be granted.

> **2. Futility**

Fahs Rolston argues that the Third-Party Complaint is futile because "the law of the case

doctrine precludes Stark [] from attempting to disqualify [Citron and Saul Ewing]."  Reply Brief at

34.  Fahs Rolston points to Stark's December 2, 2005 letter brief requesting the disqualification of

Citron and Saul Ewing from serving as their counsel, a request which was rejected by this Court.

Fahs Rolston claims that the allegations contained in the Third-Party Complaint mirror those

asserted in the letter brief and therefore should be precluded by the doctrine of the law of the case.

The doctrine of the law of the case rests fundamentally on the notion that it "promotes the

finality and efficiency of the judicial process by 'protecting against the agitation of settled issues'"

 In re Continental Airlines, Inc., 279 F.3d 266, 333 (3d Cir. 2002) (internal citations omitted).

The Supreme Court has defined the law of the case as  "a doctrine [that] posits that when a court

decides upon a rule of law, that decision should continue to govern the same issues in subsequent

stages in the same case**.**  Arizona v. California, 460 U.S. 605, 618 (1983).  Furthermore, "[a]bsent

exceptional circumstances, the law of the case doctrine precludes a party from raising issues that

the court has previously decided either expressly or implicitly."  Steiert v. Mata Services, Inc., 111

F. Supp. 2d 251, 524 (D.N.J. 2000).

The Court finds that the allegations contained in Third-Party Complaint mirror those

asserted in Stark's December 2, 2005 letter brief, for example, that the communications from

Citron and Saul Ewing did not accurately reflect Fahs Rolston's position.  The Court rejected that claim and noted that counsel's participation in the negotiations between the parties did not warrant their disqualification.  Furthermore, the Court stated "Stark's undeniable lack of factual basis or legal support for Saul Ewing's disqualification fails to meet their 'heavy burden' under the law." February 3, 2006 Opinion on Informal Motion. See Docket Entry 48.  Because the Court previously determined that these allegations do not warrant disqualification, and there has been no demonstration of any exceptional circumstances to re-visit this issue, Stark's current attempt to disqualify Citron and Saul Ewing is barred by the doctrine of the law of the case. Therefore, the Court finds that Stark's motion for leave to file a Third-Party Complaint would not survive a motion to dismiss for failure to state a claim and  therefore is clearly futile.

### 3. Undue Delay and Bad Faith Motives

Delay will be considered "undue" when it places "an unwarranted burden on the court, or will become 'prejudicial," placing an unfair burden on the opposing party." USX v. Barnhart, 395 F.3d 167 (internal citations omitted).  Furthermore, "delay may become undue when a movant has had previous opportunities to amend a complaint." Id. at 167-68.  Therefore, the Court must focus on the movant's reasons for not amending sooner.  The analysis for a claim of bad faith motives is the same.  Adams v. Gould, 739 F.2d 858, 868 ("The question . . . bad faith requires that we focus on the plaintiff's motives for not amending their complaint earlier").

Stark claims that the misrepresentations made by Citron were only discovered in July 2006 after the completion of various depositions, including those of Suits, Fahs, and Citron.  Stark Opposition Brief at 15, 22.  Stark claims that due to the August filing date of Summary Judgment Motions, they waited to seek leave to file a third-party complaint.  Id.  However, after taking into

Case 3:03-cv-04593-TJB   Document 104   Filed 08/14/07   Page 17 of 17 PageID: 3950

consideration the December 2, 2005, informal motion submitted by Stark, the Court cannot see the current proposed Third-Party Complaint as anything more then a second attempt to disqualify Citron and Saul Ewing from continuing their representation of Fahs Rolston in this litigation. The nature of this attempt demonstrates bad faith in and of itself, and the delay in filing the motion is indicative of its true intent. For the reasons outlined above, the Court finds that Defendants Stark's cross motion is both undue and made in bad faith.

In light of the foregoing, the Court finds that Stark's Cross Motion requesting leave to file a Third-Party Complaint will cause undue prejudice and delay, is futile and was made in bad faith and therefore shall be DENIED.

## III. Conclusion

For the aforementioned reasons, the Court finds that the Motion by Fahs Rolston requesting leave to file an Amended Complaint is **DENIED** with respect to the addition of new plaintiffs, and **GRANTED** with respect to the claims against WP and the factual information regarding communications with Menlo Engineering and the Lawrence Township Planing Board.

Furthermore, the Court finds that the Cross Motion by Stark requesting leave to file a Third-Party Complaint be **DENIED** on grounds of undue prejudice, futility, undue delay and bad faith motives. An appropriate form of order shall be entered by the Court.

s/   Tonianne J. Bongiovanni
**HONORABLE TONIANNE J. BONGIOVANNI**
**UNITED STATES MAGISTRATE JUDGE**

DATED: August 9, 2007

17